Fogg's Adm'r v. Rodgers, &c.

---

CASE 75—PETITION ORDINARY—DECEMBER 9.

## Fogg's Adm'r v. Rodgers, &c.

APPEAL FROM WOODFORD CIRCUIT COURT.

1. IN EVERY SALE OF GOODS WHERE THE VENDOR SELLS AN ARTICLE BY A PARTICULAR DESCRIPTION, it is a condition precedent to his right to recover the purchase price that the thing which he offers to deliver should answer the description; and even if the thing has been delivered. the purchaser may, upon discovering, within a reasonable time, the fact that it does not answer the description, return it and avoid recovery of the price.

In this case appellee purchased at public sale a number of stacks of what was represented to be hemp. When he spread it he discovered that the stacks were composed of so large a proportion of weeds that they could not be characterized as stacks of hemp, whereupon he notified the vendor of the fact, and tendered to him the stacks. *Held—* That the vendor failed to perform his contract, and can not recover the purchase price.

Fogg's Adm'r v. Rodgers, &c.

2. EVIDENCE.—It was not improper to permit bundles taken from the stacks to be exhibited to the jury.

3. SAME.—The statute prohibiting one from testifying for himself as to a transaction with a decedent does not prevent one from testifying for himself as to a transaction with the living administrator.

PORTER & WALLACE FOR APPELLANT.

1. Where an article is not sold by description, but is present and delivered at the time of the sale, and there is no warranty and no fraud practiced, and the vendor knows no more of the article than the purchaser, and the purchaser has every opportunity of examining for himself, and buys on his own judgment, the doctrine of *caveat emptor* applies, and the vendor can maintain his action, notwithstanding there may be latent defects, and the article may be of no value, and even is called by a different name from that it was denominated by the vendor at the time of the sale. (Barnard v. Kellogg, 10 Wall., 388; Holden v. Dakin, 4 Johns. Rep., 421; Swett v. Colgate, 20 Johns. Rep., 201; Baird, Miller & Baldwin v. Matthews. 6 Dana, 129; Snell v. Morris, 1 Johns. Rep., 96; Perry v. Aaron, 1 Johns., 129; 1 Johns., 274; Davis v. Meeker, 5 Johns. Rep., 354-395; Cunningham v. Speer, 13 Johns., 392; Fleming v. Slocum, 18 Johns., 403; Marshall v. Peck, &c., 1 Dana, 612.)

2. Even under the announcement alleged to have been made at the sale it was not the duty of appellant or of any of the family to make known a *patent* defect. (Lightburn v. Cooper, 1 Dana, 275.)

D. L. THORNTON FOR APPELLEES.

1. The question in this case is not a question of warranty, but a question whether a condition of the sale has been complied with. When the vendor sells an article by a particular description, it is a conbition precedent to his right of action that the thing which he offers to deliver or has delivered should answer the description. (Benjamin on Sales, paragraphs 600-602; Kerr on Fraud and Mistake, pp. 58, 59 and 62; Chanter v. Hopkins, 4 M. & W., 399; Hilliard on Sales, chap. 18, sec. 11, p. 351; Chitty on Contracts, 11 Am. ed., pp. 625 and 633; Nichols v. Godts, 10 Ex, 191; Shepherd v. Kain, 5 B. & H., 240; Allan v. Lake, 18 Q. B., 560; Wieler v. Schilizzi, 17 C. B., 619; Culver v. Blake, 6 B. M, 528.)

2. Where there has been a common mistake as to some essential fact forming an inducement to the sale the sale is voidable. (Benjamin on Sales, p. 415.)

3. If the alleged announcement was in fact made at the time of the sale, it became a part of the contract, and if any member of the family of the deceased knew of the defect in the property, and failed to disclose them, they must respond in damages. (Starkie on Evidence, sec. 182, p. 220, 13th ed.)

4. The jury had a right to fix the value of an ordinary merchantable crop of hemp in the stack from their own knowledge of it. (Morgan v. Wood, MS. Op., Nov. 10, 1881; Lou., Cin. & Lex. R. R. Co. v. Ramsey, MS. Op., Oct. 20, 1881.)

5. If the devisees, who were the beneficiaries of the sale, being present, failed to communicate to bidders hidden defects in the hemp, known to them, their silence was a fraud upon appellees, who are entitled to relief. (1 Mon., 216; 3 J. J. Mar., 708; Kerr on Fraud and Mistake, p. 101; Turner v. Huggins, 14 Ark., 21; Bench v. Sheldon, 14 Barb., 66; 32 Mo., 462; 24 Mo., 223; 27 Mo., 530; 34 Miss., 423, 431; Bigelow on Fraud, pp. 36, 70, 71; Hill v. Gray, 1 Stark., 434.)

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

This is an action by appellant, administrator of E. Fogg, deceased, against appellee, on a note for $532.95, of which $1.25 was for a horse cart, and $531.70 was for twenty-three stacks of what was sold as hemp, which appellee bid for and purchased at a public sale of the personal estate of the decedent. Verdict and judgment were rendered in favor of the plaintiff for only $1.25, the price bid for the horse cart. In defense of the residue of the note, the defendant stated : 1. That when the sale was made, the crop was in stacks on the farm of the decedent, and was represented and warranted by the plaintiff as hemp, but was not inspected by the defendant; that, shortly after the sale, he proceeded to spread it, and then discovered the first time what he avers to be true, that the crop purchased by him was not hemp, but weeds, and utterly worthless, whereupon he notified the plaintiff he would not receive, and tendered it to him. He further says he could not, with ordinary care and diligence, have ascertained, before purchasing, the condition of said crop, and of what said stacks were composed, and that there is no consideration for the note. In the second paragraph of his

answer he prays damages for the expenses incurred by
him, and for the failure of the plaintiff to comply with
his contract, amounting to $550, which he says he has
been injured. In an amended answer he states that the
plaintiff announced, and caused it to be announced by
the auctioneer making the sale, that he and the family
of the decedent would make public all the information
they possessed in regard to the quality and condition
of all the crops and property to be then sold, and rely-
ing upon that representation, he, defendant, purchased
said crop without examining it. But that it was, at
the time of the sale, known to the plaintiff, or to divers
members of the family of the decedent, then present at
the sale, to be largely composed of weeds and worth-
less; but they failed to give information of the fact,
which he says was a fraud on him, and by reason of
which he was damaged, etc. All the averments made
by the defendant as defenses to the action were con-
troverted by the plaintiff, and issues made in regard
thereto.

The evidence is somewhat conflicting as to the num-
ber of stacks that were mixed with weeds, but several
witnesses testify positively that the proportion of weeds
to hemp in the stacks examined by them was so great
as to render them worthless. There is also some con-
flict in the evidence in regard to the alleged announce-
ment of the plaintiff that he and the family of the
decedent would make public all the information they
possessed in regard to the quality and condition of all
the crops and property sold. But upon both these
questions of fact there was sufficient evidence to au-
thorize the verdict of the jury, or at least enough to

make it improper for the court to disturb the verdict on the ground it is palpably against the evidence.

The only question, then, it is necessary for us to consider, is as to the ruling of the court on the instructions given and refused.

The jury was instructed, in regard to the defense set up in the first paragraph of the answer, substantially, that if the plaintiff, by himself, or the auctioneer, represented at the time of the sale that the contents of the twenty-three stacks was hemp, and that the contents was so largely composed of weeds that their distinctive quality as hemp was lost, and such fact was unknown to defendant, and could not be ascertained by an inspection of the stacks by a person of ordinary intelligence and prudence at the time of the purchase, they ought not to find for plaintiff any portion of the purchase price; and if the contents of a portion of them contained so large a proportion of weeds as to have lost its distinctive quality as hemp, then they should allow the defendants a credit or abatement upon the note sued on to that extent.

In every sale of goods, where the vendor sells an article by a particular description, as was done in this case, it is a condition precedent to his right to recover the purchase price that the thing which he offers to deliver should answer the description; and even if delivered, the purchaser may, upon discovering the failure of condition in a reasonable time, return it and avoid recovery of the price. (See Benjamin on Sales, § 600, and authorities cited.)

In Hilliard on Sales, 265, it is said that "there is an

implied warranty that the thing sold is, *in specie*, that as which it is purchased."

Both Benjamin and Hilliard, however, in their respective works, refer with approval to the following from Lord Abinger, in Chanter v. Hopkins, 4 Mees. & W., 399 : " A good deal of confusion has arisen in many cases upon this subject from the unfortunate use made of the word warranty. Two things have been confounded together. A warranty is an express or implied statement of something which a party undertakes shall be a part of a contract, and, though part of the contract, *collateral to the express object of it.* But in many of the cases the circumstances of a party selling a particular thing by its proper description has been called a warranty, and the breach of such a contract, a breach of warranty ; but it would be better to distinguish such cases as a non-compliance with a contract which a party has engaged to fulfill ; as if a man offers to buy peas of another, and he sends him beans, he does not perform his contract; but that is not a warranty ; there is no warranty that he should sell him peas; the *contract* is to sell peas, and if he sells him any thing else in their stead, it is a non-performance of it."

In this case the plaintiff sold to the defendant twenty-three stacks as being hemp, and whether it be called a warranty that what he sold was hemp, or a condition of the contract, he certainly should not recover the purchase price if the stacks afterwards turned out to be weeds instead of hemp, or if they were composed of such proportion of weeds as that their distinctive quality or character as hemp stacks was lost.

It is not necessary to quote from the authorities cited in the text-books in support of so plain a proposition, nor to multiply illustrations of the distinction between defects that may exist in an article, affecting its value, and its description or identity.

If, using the illustration given, the contract is to sell peas, it is not performed by delivering beans, or such proportion of beans in the package as that its distinctive quality as a package of peas is lost. So the contract here being to deliver twenty-three stacks of hemp, it was not performed by delivering stacks containing such proportion of weeds as that they could not be characterized distinctively as hemp stacks.

The instruction was really more favorable to the plaintiff than he was entitled to; for if even a material portion of the stacks contained such undue proportion of weeds, there was a non-performance of the contract.

It is complained that the instruction given to meet the issue presented by the amended answer and reply thereto was erroneous in hypothecating the right of the defendant to avoid the contract, upon the assumption that the distributees or devisees, instead of the family of the decedent, were aware of the quality of the stacks and failed to give to the bidders information in regard thereto.

It is not necessary to consider the objection to this instruction, inasmuch as the question submitted to the jury by the instruction we have quoted is decisive of the whole case; for if it be true that the stacks were of the sort alleged in the defendant's answer, he could avoid the payment of the consideration, whether there was fraudulent concealment on the part of those inter-

ested in the estate of the decedent or not; for the stacks were sold as hemp stacks, and he was not bound to receive or pay for stacks answering any other description. It is true, he avers he was induced to forego an examination by reason of the alleged announcement by the plaintiff that the family would give such information in regard to defects in any of the property sold as they might have. But the main defense in this case is not that defects existed, but that an article was sold which was different in description from that delivered, or offered to be delivered, and there is nothing in the record to show that the appearance of the stacks indicated the presence of such a proportion of weeds as was afterwards developed by opening the stacks with a view to spread the hemp.

We do not think the court erred or that the plaintiff was prejudiced by the filing of the amended answer, nor was it error to permit the defendant to testify in regard to a transaction between him and the living administrator; nor was it improper to permit bundles taken from the stacks to be exhibited to the jury.

Judgment affirmed.